

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NICOLE B.,individually and on          :
behalf of her son, N.B.,               :
                                       :
            Plaintiff,                 :          CIVIL ACTION
                                       :
      v.                               :
                                       :          NO. 16-cv-1457
THE SCHOOL DISTRICT OF                 :
PHILADELPHIA, et al.,                  :

            Defendants.

**FILED**

JUN 20 2016

MICHAEL E. KUNZ, Clerk
By___ Dep Clerk

MEMORANDUM

Joyner, J.                                        June 14, 2016

     Before the Court are Plaintiff's Motion to Remand (Doc. No.
7), Defendants' Responses in Opposition thereto (Doc. Nos. 10, 11,
13), and Plaintiff's Reply in Further Support thereof (Doc. No.
16). For the reasons below, the Court will GRANT the Plaintiff's
Motion to Remand. An Order follows.

## I. Factual and Procedural Background[1]

     This action was brought by Plaintiff Nicole B., individually
and on behalf of her minor son, N.B, against the School District of
Philadelphia ("School District"); Jala Pearson ("Pearson"), the
principal of William C. Bryant School ("Bryant") at the time in
question; and Jason Johnson ("Johnson"), a teacher at Bryant at the

---

[1] Facts for this section are taken from Plaintiff's Third Amended
Complaint. (Doc. No. 2-55)

1



time in question.

N.B. began attending Bryant on or around September 14, 2011, as a fourth grader. N.B. had not previously attended public school and Plaintiff expressed concern about her son's integration into the student population. After assurances from Pearson that N.B. would be safe, Plaintiff decided to keep N.B. enrolled at Bryant. Schoolmates began harassing N.B. on a daily basis, calling him derogatory names related to race and sex. Schoolmates physically assaulted N.B. on multiple occasions and they forced him to commit humiliating and violent acts under threat of violence. Plaintiff spoke with Johnson about this harassment, and Johnson also assured Plaintiff that N.B. would be safe.

On October 25, 2011, three of N.B.'s classmates sexually assaulted N.B. in the bathroom at Bryant. N.B. did not tell anyone about this incident until November 4, 2011. When Plaintiff learned about the sexual assault, she contacted the police, as well as Pearson and Johnson, and she withdrew N.B. from Bryant. Plaintiff alleges that Defendants were aware of the risk to N.B. and failed to take steps to prevent the harm her son suffered. Plaintiff also alleges that the School District and Pearson attempted to cover up the sexual assault and encouraged a police officer to lie about what took place. N.B. has suffered significant psychological problems from this abuse and has needed intensive psychological therapy.

Plaintiff filed a Complaint in the Court of Common Pleas, Philadelphia County, Philadelphia, PA on April 29, 2014. She filed a third and final Amended Complaint ("Complaint") on February 17, 2016, bringing claims under the Pennsylvania Human Relations Act (Counts I, II), Pennsylvania tort law (Counts III, IV), and Pennsylvania contract law (Count V). On March 7, 2016, Plaintiff served three expert reports[2] on Defendants. One, the report of Felicia Hurewitz, Ph.D. ("Hurewitz Report") (Doc. No. 1-4), invokes the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. §§ 1400, et seq., and Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794. Doc. No. 1-4 at 2. The Hurewitz Report indicates that she intends to testify about the requirements outlined under these statutes for schools to identify and provide accommodations for students with disabilities, that the school failed to follow these requirements with regard to the student attackers of N.B., and that this led to the harm N.B. suffered. Id.

A second report, by Malcolm Smith, Ph.D. ("Smith Report") (Doc. No. 1-5), looked to Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §§ 1681, et seq., as providing the "applicable standard" that Bryant should have followed to prevent N.B.'s abuse. Doc. No. 1-5 at 9.

After reviewing these reports, counsel for the Defendants and

---

[2] Defendants at various times refer to these as "expert reports" or "answers to interrogatories." We will refer to them as "expert reports" throughout this memorandum.

the Plaintiff corresponded in writing about whether the mention of these statutes put Defendants on notice of federal claims Plaintiff intended to pursue. (Doc. Nos. 1-6-10). Plaintiff's counsel refused to sign a stipulation that his client would not bring any federal claims, while maintaining that the Complaint did not plead any federal claims.

Defendants removed the case to this court on March 30, 2016. (Doc. No. 1). They filed a second and final amended Notice of Removal on April 6, 2016. (Doc. No. 14). Plaintiff filed a Motion to Remand on April 29, 2016. (Doc. No. 7). Defendants filed Responses in Opposition to Plaintiff's Motion (Doc. Nos. 10, 11. 13), and Plaintiff filed a Reply. (Doc. No. 16). This matter is now ripe for decision.

## II. Motion to Remand

Plaintiff filed this motion to remand pursuant to 28 U.S.C. § 1447(c), which states in relevant part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Absent diversity of citizenship, federal-question jurisdiction is required." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "The presence or absence of federal-question jurisdiction is governed by

4

the 'well-pleaded complaint rule,' which provides that federal
jurisdiction exists only when a federal question is presented on
the face of the plaintiff's properly pleaded complaint." Id.

A defendant must generally file a notice of removal "within 30
days after the receipt by the defendant, through service or
otherwise, of a copy of the initial pleading setting forth the
claim for relief upon which such action or proceeding is based[.]"
28 U.S.C. § 1446(b)(1). If the initial pleading does not make the
case removable, "a notice of removal may be filed within 30 days
after receipt by the defendant, through service or otherwise, of a
copy of an amended pleading, motion, order or other paper from
which it may first be ascertained that the case is one which is or
has become removable." 28 U.S.C. § 1446(b)(3). The defendant bears
the burden of proof respecting the propriety of removal, and we
resolve all doubts in favor of remand. Steel Valley Auth. v. Union
Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

Defendants assert that this case was not removable at the time
of the initial pleading, but that it became removable under 28
U.S.C. § 1446(b)(3) because the expert reports served on March 7,
2016 "place[d] Defendants on notice that this Court has
jurisdiction over Plaintiffs' [sic] claims pursuant to 42 U.S.C. §
1331." Doc. No. 14 ¶25. Defendants argue 1) that the expert reports
constitute "other paper" within the meaning of this statute, and 2)
that the expert reports indicate that this case has become

removable. Plaintiff responds that because her Complaint brings only state law claims, and because these claims are not preempted by any federal law, there is no basis for federal subject matter jurisdiction.

The "Third Circuit has not defined 'other paper' but district courts in our circuit have interpreted the phrase widely... ." Minissale v. StateFarm Fire & Cas. Co., 988 F.Supp.2d 472, 477 (E.D. Pa. 2013); see also Connolly v. Aetna U.S. Healthcare, Inc., 286 F.Supp.2d 391, 399 (D.N.J. 2003) (finding expert's deposition testimony can be "other paper"); Efford v. Milam, 368 F.Supp.2d 380, 386 (E.D. Pa. 2005) (correspondence between counsel); Cabibbo v. Einstein/Noah Bagel Partners, L.P., 181 F.Supp.2d 428, 432-33 (E.D. Pa. 2002) (answers to interrogatories).

Because of the broad construction of the statute, we find that the expert reports as well as the correspondence between the parties' attorneys are "other paper" that could indicate a case has become removable under 1446(b). The determination that something qualifies as "other paper" does not, however, end the inquiry. See Connolly, 286 F.Supp.2d at 399-406. The Defendants must show that the papers indicate that a case not previously removable has become one under which removal is proper. The Defendants have failed to do this here.

Under the well-pleaded complaint rule, a plaintiff is master of her claim; "she may avoid federal jurisdiction by exclusive

reliance on state law." <u>Caterpillar</u>, 482 U.S. at 392. Accordingly, a plaintiff has no obligation to bring a cause of action to which a certain set of facts might give rise. In the Complaint, the Plaintiff brought only state law claims against non-diverse parties. Defendants do not dispute this. <u>See</u> Doc. No. 10 at 5 of 15. Instead, Defendants allege that the expert reports provide new facts from which federal jurisdiction arises. It is unclear what kinds of facts these might be.

Typically, a case becomes removable under 28 U.S.C. § 1446(b)(3) when a document reveals facts indicating federal jurisdiction based on diversity under 28 U.S.C. § 1332. Indeed, nearly every case cited by Defendants in their Response is a diversity jurisdiction case. <u>See</u> <u>Erekson v. Ashford Phila. Annex, LLC</u>, Civ. A. No. 12-5815, 2013 U.S. Dist. LEXIS 57745, at *8-9 (E.D. Pa. Apr. 23, 2013) (finding that a case management memorandum indicating the plaintiff sought more than $75,000 provided sufficient notice that the case was removable); <u>Broderick v. Dellasandro</u>, 859 F.Supp. 176, 179-80 (E.D. Pa. 1994) (finding that a letter from plaintiffs' counsel indicating that his client resided in Pennsylvania provided actual notice that a case had become removable); <u>Cabibbo v. Einstein/Noah Bagel Partners, L.P.</u>, 181 F.Supp.2d 428, 431-33 (E.D. Pa. 2002) (concerning amount in controversy); <u>Marchiori v. Vanguard Car Rental U.S.A., Inc.</u>, Civ. A. No. 05-5686, 2006 U.S. Dist. LEXIS 11385 (E.D. Pa. Mar. 17,

2006) (same); <u>LaCaffinie v. The Standard Fire Ins. Co.</u>, Civ. A. No.
10-207, U.S. Dist. LEXIS 53151 (W.D. Pa. May 28, 2010) (same);
<u>Craul v. Wal-Mart Stores E., LP</u>, No. 1:12-CV-1380, 2012 U.S. Dist.
LEXIS 184111 (M.D. Pa. Nov. 29, 2012) (same).

Only in rare circumstances have courts used the "other paper"
doctrine to find federal question jurisdiction. <u>See Dougherty v.
Cerra</u>, 987 F.Supp.2d 721, 729 (S.D.W. Va. 2013); <u>Freeman v.
Phillips 66 Co.</u>, Civ. A. No. 14-2257, 2014 WL 7330620, at *2 (E.D.
La. Dec. 18, 2014); <u>Blanding v. Bradley</u>, Civ. Case No. SAG-14-337,
2014 WL 1514675, at *2 (D. Md. Apr. 15, 2014). One such
circumstance occurs when an ambiguous existing claim is clarified
by later papers. <u>See</u> <u>Efford</u>, 368 F.Supp.2d at 384. The court in
<u>Efford</u> found that when the initial praecipe did not specify the
legal or factual basis for a claim, a letter from the plaintiff
indicating that they intended to bring a federal claim constituted
"other paper from which it may be first ascertained that the case
is one which is or has become removable" under 1446(b). <u>Id.</u> at 386.
The letter 1) stated that the facts of the case supported a federal
claim, 2) described what was needed to make the federal claim, and
3) stated what facts of the case were relevant to the federal
claim. <u>Id.</u> The Court concluded that this letter made it
"'unequivocally clear and certain' to defendants that the case was
removable[,]...especially when the defendants' counsel was
anticipating correspondence from plaintiffs' counsel regarding the

basis of the suit, and when it appears from the face of the letter that the yet-to-be-filed complaint had already been written." Id.

Efford is easily distinguishable from this case. Here, it is clear that the Complaint brings only state law claims.[3] Even if the Complaint were ambiguous, the expert reports do not make it unequivocally clear and certain that the Plaintiff intends to bring, or has brought, a federal claim.

If a plaintiff's complaint does not plead a federal question, a case may nevertheless invoke federal jurisdiction under the "complete pre-emption" doctrine. See Caterpillar, 482 U.S. at 393. Under this doctrine, "the pre-emptive force of a [federal] statute is so 'extraordinary' that it converts an ordinary state common-law complaint into one stating a federal claim ...."   Id. (quoting Metropolitan Life Ins. Co., 481 U.S. 58, 65 (1987)). Defendants concede they are not invoking the complete preemption doctrine, so we need not discuss it here.[4] We note, however, that Connolly, the

---

[3] Efford relied on Foster v. Mut. Fire, Marine & Inland Ins. Co., 986 F.2d 48 (3d Cir. 1993), in determining that the writ of summons, which apparently contained no factual or legal details, triggered the 30-day period for removal. The Third Circuit acknowledged that Foster was implicitly overruled by the Supreme Court in Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999). Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 223 (3d Cir. 2005). The Third Circuit held that after Murphy, "a writ of summons alone can no longer be the 'initial pleading' that triggers the 30-day period for removal under the first paragraph of 28 U.S.C. § 1446(b)." Id.; See also Sacko v. Greyhound Lines, Inc., Civ. A. No. 13-cv-1966, 2013 WL 2392906, at *2 (E.D. Pa. May 31, 2013). It is hard to imagine a proper complaint that is so ambiguous as to require subsequent papers to clarify whether the plaintiff brings a federal claim. Even if possible, that is not the case here.

[4] Additionally, Plaintiff's explanation for why IDEA and Section 504 do not apply here, and for why Title IX and Section 1983 do not preempt their state law claims, is comprehensive and accurate.

9

one case cited by Defendants in their Notice of Removal, concerned new facts that may have indicated that the state law claims were preempted. The court found that although the expert testified "that plaintiffs had requested coverage for a home uterine activity monitor twice and were denied, this does not indicate that plaintiffs necessarily seek relief for such actions in their complaint, or that their complaint should be completely preempted on that factual basis." Connolly, 286 F.Supp.2d at 404. The court ultimately decided the case was not removable by looking to the face of the complaint, as we do here. A case is not removable simply because it alleges facts that could give rise to a claim under federal law.[5]

Because Defendants do not invoke diversity jurisdiction, or the complete pre-emption doctrine, and the Complaint brings only state-law claims, we are left wondering what facts the Defendants believe indicate this court has jurisdiction and why they believe that to be the case. It seems that Defendants' misunderstanding of the well-pleaded complaint rule led them to believe Plaintiff's counsel "was setting a 'trap' to prevent removal in the future." Doc. No. 10 at 10 of 15. We understand this is an important issue because it triggers the 30-day period after which Defendants are barred from removing an otherwise-eligible case. Nevertheless, a

---

[5] We also agree with the Plaintiff that the experts do not testify to new *facts*. The facts pled in the complaint may already give rise to the certain federal claims, but that is irrelevant because the Plaintiff, as master of her complaint, chose not to bring those claims.

case cannot be removed when there is no basis for federal jurisdiction. We find that the expert reports have not created federal subject matter jurisdiction.[6] Accordingly, we grant Plaintiff's Motion to Remand.

## III. Attorney Fees

A district court may award attorney fees as part of a remand order. See 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). District courts have broad discretion to determine whether attorney fees should be awarded. Mints v. Educ. Testing Serv., 99 F.3d 1253, 1257 (3d Cir. 1996). We find that Defendants here lacked

---

[6] Defendants also argue that their correspondence with Plaintiff's counsel, in which he refuses to stipulate that the Plaintiff will not plead federal claims, also put them on notice of the federal claims. In the context of determining the amount in controversy for diversity jurisdiction cases, courts tend to find a refusal to stipulate that damages were less than $75,000 to be insufficient to establish federal jurisdiction. See Lee v. Walmart, Inc., 237 F.Supp.2d 577, 580 (E.D. Pa. 2002); Fosbenner v. Wal-Mart Stores, Inc., Civ. A. No. 01-3358, 2001 U.S. Dist. LEXIS 16695, at *7 (E.D. Pa. Oct. 12, 2001). Indeed, one of the cases cited in Defendant's response to Plaintiff's Motion to Remand notes that a refusal to stipulate damages may be insufficient to show federal jurisdiction, and distinguished a situation in which the plaintiff affirmatively stated the value of the case met the jurisdictional requirement. Craul, 2012 U.S. Dist. LEXIS 184111, at *13; See also Minissale, 988 F.Supp.2d at 478 (noting that most district courts in this circuit have remanded when the only evidence was a plaintiff's refusal to stipulate the amount in controversy). Not only would requiring the Plaintiff to stipulate that she will not in the future bring federal claims against the Defendants be unfair, it also would shift the burden of showing jurisdiction is proper from the Defendants to the Plaintiff. Additionally, in his correspondence with Defendants' counsel, Plaintiff's attorney unequivocally states that they have not pled any federal claims. Mr. Berney's response that there is no need for a stipulation because the complaint does not plead federal claims is exactly right.

an objectively reasonable basis for seeking removal.[7] Accordingly, we grant Plaintiff's Motion for Attorney Fees and Costs.

## IV. Conclusion

For the reasons above, the Court grants Plaintiff's Motion to Remand, and awards Plaintiff reasonable attorney fees. An Order follows.

ENTERED

JUN 2 0 2016

CLERK OF COURT

---

[7] We agree with the Plaintiff that the timing of the filing of the Notice of Removal, a day before parties were scheduled to appear before Judge Rau as she decided whether to impose sanctions against counsel for the Defendants, is suspect. Nevertheless, it is sufficient for purposes of this motion that we find no objectively reasonable basis for removal, so we need not get into the motives of the Defendants.