IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NICOLE B., *individually and on* : 
*behalf of her son, N.B.*, :
 :
      Plaintiff, : CIVIL ACTION
 :
  v. :
 : NO. 16-cv-1457
THE SCHOOL DISTRICT OF :
PHILADELPHIA, et al., :
 :
 :
      Defendants. :

**MEMORANDUM**

Joyner, J.                                                      February 23, 2017

    Before the Court are Plaintiff's Motion for Attorney's Fees and Costs (Doc. No. 19), Defendant's Response in Opposition thereto (Doc. No. 22), and Plaintiff's Reply in Further Support thereof (Doc. No. 23).[1]  For the reasons set forth below, the Plaintiff's motion is GRANTED IN PART.  The Court awards Plaintiff $19,894.50 in attorneys' fees and costs.

**I. Factual and Procedural Background**

    This action was brought by Plaintiff Nicole B., individually and on behalf of her minor son, N.B., against the School District

---

[1] Also before the Court are Defendant's Motion for Leave to File a Supplemental Response in Opposition (Doc. No. 25) and Plaintiff's Response in Opposition thereto (Doc. No. 26).

1

of Philadelphia; Jala Pearson, the principal of William C. Bryant School at the time in question; and Jason Johnson, a teacher at Bryant at the time in question.[2]

Plaintiff filed her initial complaint in state court on April 29, 2014.  She filed a third and final amended complaint on February 17, 2016, bringing claims under the Pennsylvania Human Relations Act, Pennsylvania tort law, and Pennsylvania contract law.

Defendants removed the case to this court on March 30, 2016.  Plaintiff moved to remand the case to state court on April 29, 2016 and for attorneys' fees.  We granted that motion on June 20, 2016 and, finding that Defendants lacked an objectively reasonable basis for seeking removal, ordered the parties to submit additional briefing on the amount of reasonable attorneys' fees.  See Nicole B. v. Sch. Dist. of Phila., No. 16-CV-1457, 2016 WL 3456924, at *5 (E.D. Pa. 2016).  That briefing is now complete and the matter is ripe for decision.

## II.  Attorneys' Fees and Costs

Attorneys' fees and costs may be awarded under 28 U.S.C. § 1447(c) where the removing party lacked an objectively reasonable basis for seeking removal.  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  We have already determined that a fee

---

[2] Defendants Pearson and Johnson did not oppose Plaintiff's motion for attorney's fees and costs.  In this opinion, "Defendant" refers only to the School District of Philadelphia.

2

award is proper in this case.  Defendant does not now object to an award of attorneys' fees; rather, it challenges the requested fees as excessive, contending: (1) the hourly rates used for each attorney involved were excessive and unreasonable; and (2) the number of hours claimed to be expended working on the matter were unjustified and unreasonable.

**A.  Legal Standard**

In calculating an attorneys' fees award, we apply the "lodestar" formula, which multiplies "the number of hours reasonably expended on litigation . . . by a reasonable hourly rate."  Hensley v. Eckerhart, 461 U.S. 430, 433 (1983).  To determine a reasonable hourly rate, the court starts with the attorneys' usual billing rate.  Pa. Envtl. Def. Found. v. Canon-McMillan School, 152 F.3d 228, 231 (3d Cir. 1998).  We then consider the prevailing market rates in the relevant community.  Id.  With respect to the number of hours expended, the court should "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'"  Id. at 232 (citing Pub. Interest Research Group of N.J., Inc. v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995)).

The party seeking attorneys' fees has the burden of producing "evidence supporting the hours worked and the rates

3

claimed."  Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).  The burden then shifts to the opposing party to challenge, by affidavit or brief with sufficient specificity to give fee appellants notice, the reasonableness of the requested fee.  Id.  Once the adverse party raises objections to the fee request, the court possesses considerable discretion to adjust the award in light of those objections.  Id.  Indeed, courts have "a positive and affirmative function in the fee fixing process, not merely a passive role."  Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 178 (3d Cir. 2001).

We are mindful, however, that "[a] request for attorney's fees should not result in a second major litigation."  Hensley, 461 U.S. at 437.  "Many fee applications are decided on the basis of affidavits without the need for a hearing."  Blum v. Witco Chem. Corp., 829 F.2d 367, 377 (3d Cir. 1987).  "A hearing must be held only where the court cannot fairly decide disputed questions of fact without it."  Id.  Neither party has requested a hearing in this case.  Because we conclude that we can fairly decide the issues on the basis of the current record, we will not hold a hearing.  See J.S. ex rel. Snyder v. Blue Mountain Sch. Dist., No. 3:07CV585, 2014 WL 1321116, at *4 (M.D. Pa. Mar. 31, 2014).

**B.   Application of Attorneys' Fees Standard**

**1.   Hourly Rates**

Plaintiff seeks an hourly rate of $495 for the services of lead counsel David J. Berney, Esq. and an hourly rate of $325 for the services of Morgen-Black Smith, Esq.  Defendant objects to both numbers and contends that reasonable hourly rates for Mr. Berney and Ms. Black-Smith are $385 and $185, respectively.

"[T]he burden is on the fee applicant to provide satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).  In support of the requested rates, Plaintiff submitted affidavits from Mr. Berney and Ms. Black-Smith, as well as affidavits from Alan Yatvin, Esq. (supporting the reasonableness of Mr. Berney's requested billing rate), Paul Messing, Esq. (supporting the reasonableness of Ms. Black-Smith's requested billing rate), and Judith Gran, Esq. and Jennifer Clarke, Esq. (each of whom supports the reasonableness of both billing rates).  (Doc. No. 19).[3]

Plaintiff also submitted a copy of the Community Legal Services (CLS) Attorneys Fees Schedule for 2014.  This Court

---

[3] Plaintiff also submitted additional affidavits in support of Mr. Berney's $495 billing rate that pertain to his work for a different client in a different case.  (Doc. No. 19).

routinely looks to the CLS Attorneys Fees Schedule for guidance in setting reasonable attorneys' fees in comparable cases. See Navarro v. Monarch Recovery Mgmt. Inc., No. CIV.A. 13-3594, 2014 WL 2805244, at *4 (E.D. Pa. June 20, 2014) (collecting cases); see also Maldonado v. Houstoun, 256 F.3d 181, 187-88 (3d Cir. 2001) (relying on CLS fee schedule to fix hourly rates).  Under the CLS schedule, attorneys with 21-25 years of experience command a rate of $520 to $590 per hour and attorneys with 5-10 years of experience command a rate of $265 to $335 per hour. Because Mr. Berney has 23 years of experience and Ms. Black-Smith has 10 years of experience, the CLS schedule tends to corroborate the reasonableness of Plaintiff's proffered affidavits and requested hourly rates.  We thus have no difficulty finding that Plaintiff has established a prima facie case that her requested hourly rates are reasonable.

   We turn next to Defendant's arguments.  "Once the plaintiff has established her prima facie case, the defendant may contest the reasonableness of the rate with 'appropriate record evidence.'"  Carey v. City of Wilkes-Barre, 496 Fed. Appx. 234, 237 (3d Cir. 2012).  Having established its prima facie case, the burden shifts to the defendant to challenge the reasonableness of the requested fee, and we may only decrease the award based on factors raised by the adverse party.  M.W. v. Sch. Dist. of Phila., No. CV 15-5586, 2016 WL 3959073, at *2 (E.D. Pa. July 22,

2016); E.C. v. Sch. Dist. of Phila., 91 F. Supp. 3d 598, 603 (E.D. Pa. 2015), aff'd sub nom. E.C. v. Phila. Sch. Dist., No. 15-1825, 2016 WL 1085498 (3d Cir. Mar. 21, 2016). "In the absence of such evidence, the plaintiff must be awarded attorney's fees at her requested rate." Smith v. Phila. Hous. Auth., 107 F.3d 223, 225 (3d Cir. 1997).

**a) David J. Berney's Requested Rate**

Defendant posits that a reasonable hourly rate for Mr. Berney is not more than $385.

Defendant justifies that rate in part by citing recent opinions from courts in this district determining a reasonable rate for Mr. Berney's services. In E.C., the court awarded fees for Mr. Berney at $350 per hour. 91 F. Supp. 3d at 617. And in M.M. v. Sch. Dist. of Phila., the court awarded fees for Mr. Berney at $395 per hour. 142 F. Supp. 3d 396, 407 (E.D. Pa. Nov. 3, 2015). More recently, however, another court in this district found that $425 per hour is a reasonable hourly fee for Mr. Berney's work. See M.W., 2016 WL 3959073, at *4.

Hourly rates that were set for a specific attorney in previous court decisions do not generally constitute record evidence "unless those rates were set for the same attorney and for the same type of work over a contemporaneous time period." Carey, 496 Fed. Appx. at 237; see also Black Grievance Comm. v. Phila. Elec. Co., 802 F.2d 648, 652 (3d Cir. 1986), vacated on

other grounds, 483 U.S. 1015 (1987). Plaintiff seeks compensation for services performed by Mr. Berney between March 15, 2016 and August 19, 2016. (Doc. No. 19-1; Doc. No. 23-4). Because the rates awarded by this court in E.C. and M.M. were awarded entirely for work performed prior to March 15, 2016, those rates do not constitute record evidence, and we will not consider them in this case.[4] See Smith, 107 F.3d at 225 ("A district court may not set attorneys' fees based upon a generalized sense of what is customary or proper, but rather *must* rely upon the record.").

We will, however, consider the rate approved by this court in M.W. as that rate is for services billed contemporaneous with services expended in this case. In M.W., this court found $425 to be a reasonable fee for Mr. Berney's services during a period ending on May 27, 2016. See M.W. v. Sch. Dist. of Phila., No. 2:15-cv-05586-BMS (Doc. No. 15, at 79-81). Accordingly, we will consider M.W.'s factual finding in determining Mr. Berney's reasonable rate for services performed in this case.

Defendant also submitted an affidavit from Gabrielle Sereni, Esq., a local attorney who serves exclusively in the area of

---

[4] In its Motion for Leave to File a Supplemental Response in Opposition (Doc. No. 25), Defendant further directs us to Judge Savage's opinion in Rena C. v. Colonial Sch. Dist., No. CV 15-1914, 2016 WL 7374547 (E.D. Pa. Dec. 20, 2016), which found $385 to be a reasonable rate for Mr. Berney. The rate awarded in that case was also for work performed prior to March 15, 2016. See id. (Doc. No. 27). Nevertheless, even were we to consider the rates awarded for Mr. Berney's services in E.C., M.M., and Rena C., our conclusion about a reasonable fee for Mr. Berney in this case would remain the same.

special education law.  (Doc. No. 22-1).  In Ms. Sereni's opinion, Plaintiff's requested rate of $495 is unreasonable; rather, she believes that an hourly rate between $385 and $425 reasonably reflects the market value of Mr. Berney's services.

Ms. Sereni avers that she is familiar with the hourly rates typically charged by parents' attorneys in Southeastern Pennsylvania.  She says she has never agreed to an hourly rate of $495 for any parent attorney's services in connection with any settlement on behalf of her school district clients and that $495 per hour exceeds the range charged by and/or awarded to this region's "finest and most seasoned parents' attorneys."  Id.  Ms. Sereni bases her opinion in part on Sch. Dist. of Phila. v. Williams, No. CV 14-6238, 2016 WL 877841, at *3 (E.D. Pa. Mar. 7, 2016), in which the court awarded a special education parent attorney with four more years of experience than Mr. Berney just $450.  As Ms. Sereni points out, that court deviated downward from the CLS fee schedule in determining a reasonable rate.

Plaintiff objects to Ms. Sereni's opinion on two grounds. First, Plaintiff argues that Ms. Sereni specifically and Defendant generally relies exclusively on sources pertaining to special education cases.  According to Plaintiff, because this matter is a civil rights case brought under the Pennsylvania Human Relations Act, the typical hourly rates of the special education bar are "not particularly relevant."  (Doc. No. 23).

Indeed, Plaintiff argues that Ms. Sereni is not qualified to render an opinion as to reasonableness of hourly rates of civil rights attorneys litigating civil rights cases. On account of her familiarity with Mr. Berney and suits brought by parents against public school districts, we find that Ms. Sereni is qualified to render an opinion on the reasonableness of Mr. Berney's fee in this case. However, we place somewhat less weight on Ms. Sereni's testimony than we would have had this case involved a special education dispute.

Second, Plaintiff argues that Ms. Sereni is biased because of her representation of the Philadelphia School District in special education matters. We note that attorney affidavits filed by both parties in attorneys' fee petitions are potentially colored by self-interest and we weigh them accordingly. We also note that courts in this district have relied on Ms. Sereni's testimony in similar circumstances. See Williams, 2016 WL 877841, at *3.

Considering all of the record evidence, we find that a reasonable rate for Mr. Berney's services in this case is $425 per hour.

**b) Morgen Black-Smith's Requested Rate**

Defendant posits that a reasonable hourly rate for Ms. Black-Smith is not more than $185.

For purposes of contesting Ms. Black-Smith's requested fee of $325 per hour, Defendant urges us to consider that Ms. Black-Smith has been working in the field of special education/school based discrimination for less than one year and to award her compensation in line with that limited experience.  Defendant also points to Ms. Sereni's affidavit, which states that a reasonable fee for Ms. Black-Smith would be between $180 and $220 per hour.

   Plaintiff contends that Ms. Sereni's declaration should be rejected out of hand, for the reasons described above and because Ms. Sereni does not allege any experience with Ms. Black-Smith. Plaintiff further contends that Ms. Black-Smith is entering her eleventh year of practice.  Particularly because the present case is not a special education case, Plaintiff argues that it would be an error to discount Ms. Black-Smith's experience prior to practicing special education law in determining a reasonable fee. We agree that Ms. Sereni's opinion is of limited value as applied to Ms. Black-Smith, but we decline to reject it out of hand, as Plaintiff requests.  The Court notes, however, that Ms. Black-Smith's entire legal experience is relevant to the work performed in this case and finds that a reasonable fee for her work exceeds

the reasonable fee of an attorney in her first or second year of practice.[5]

Considering all of the record evidence, we find that a reasonable rate for Ms. Black-Smith's services in this case is $270 per hour.

**2. Number of Hours**

Plaintiff seeks compensation for her attorneys for a total of 78.9 hours of work, and she has submitted detailed attorneys' timesheets to support the request. The request includes 16.6 hours for Mr. Berney and 62.3 hours for Ms. Black-Smith. (Doc. Nos. 19-1, 23-4).[6]

Defendant makes two general objections to the hours expended by Plaintiff's attorneys. First, Defendant objects to the time both attorneys spent preparing Motion to Remand briefing. By Defendants' count, Mr. Berney and Ms. Black-Smith seek compensation for 6.7 hours and 32.7 hours, respectively, for preparing the Motion to Remand briefing. Defendant contends that "a more reasonable preparation time" would be 5.2 hours for Mr. Berney and 20.7 hours for Ms. Black-Smith. (Doc. No. 22).

---

[5] According to Ms. Black-Smith's declaration, she graduated from the University of Pennsylvania Law School in 2006, spent two years clerking on this Court for then-Chief Judge Harvey Bartle III, and then spent more than six years as a staff attorney at the Homeless Advocacy Project, where she was responsible for "all aspects of litigation." (Doc. No. 19-1).

[6] Plaintiff also seeks compensation for time spent by both Mr. Berney and Ms. Black-Smith preparing its Response in Opposition to Defendant's Motion to File Supplemental Response. We decline to compensate Plaintiff for the time incurred on this unnecessary filing.

Second, Defendant objects to the time both attorneys spent preparing the present Motion for Attorneys' Fees and Costs.  By Defendants' count, Mr. Berney and Ms. Black-Smith seek compensation for 4.2 hours and 8.3 hours, respectively, for preparing the Motion for Fees and Costs.  Noting that Mr. Berney's firm has prepared dozens of substantially similar motions and supporting exhibits in similar cases, Defendant contends these figures should be reduced to 3 hours and 4.9 hours, respectively.[7]

The only entry in either attorney's timesheet that Defendant specifically contests is the 0.3 hours that Mr. Berney spent reviewing emails sent by opposing counsel discussing the potential removal issues before the removal was actually filed.

When evaluating a fee petition, the Court should exclude hours that are excessive, redundant, or otherwise unnecessary. Rode, 892 F.2d at 1183.  "In determining what hours are reasonably expended on the suit, 'the most critical factor is the degree of success obtained. . . . Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.'"  Blum, 888 F.2d at 378 (quoting Hensley, 461 U.S. at 435-36).  We are not at liberty to decrease a fee award

---

[7] In its reply brief in support of its motion, Plaintiff seeks compensation for 5.2 hours of Mr. Berney's time and 8.4 hours of Ms. Black-Smith's time for their work preparing that filing.  (Doc. No. 23).  We find that this time is reasonable and we include it in Plaintiff's award.

based on factors not raised at all by the adverse party. Loughner, 260 F.3d at 178.

We have carefully reviewed Plaintiff's attorneys' submitted timesheets. The attorneys' records are detailed and granular. With the exception of the 0.3 hours billed by Mr. Berney prior to removal,[8] we find no basis for reducing the hours requested by Mr. Berney. We find, however, that the number of hours billed by Ms. Black-Smith are not reasonable and we will deduct 15 hours from her requested fees. In making these determinations we consider Defendants' arguments in opposition to the fee request, the quality of Plaintiff's briefing throughout this case, and Plaintiff's complete success on its motion to remand. See S. Annville Twp. v. Kovarik, 651 F. App'x 127, 131-32 (3d Cir. 2016) (affirming award of more than $17,000 in attorneys' fees incurred in objecting to improper removal); see also Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008) ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.").

The number of hours for which each attorney will be compensated are as follows:

---

[8] Because this work could not have occurred "as a result of the removal," 28 U.S.C. § 1447(c), we agree that Plaintiff is not entitled to compensation for this time.

    David J. Berney          16.3 hours

    Morgen Black-Smith     47.3 hours

### 3. Lodestar Calculation

Multiplying the number of hours reasonably expended on this litigation by the hourly rate which we have determined to be reasonable for each attorney, we arrive at the following lodestar calculations:

    David J. Berney (16.3 hours x $425)= $6,927.50

    Morgen Black-Smith (47.3 hours x $270) = $12,771.00

Plaintiff shall be awarded total attorneys' fees in the amount of $19,698.50.

### C. Costs

Plaintiff has requested reimbursement for $196 in legal costs, which represent the amount paid for transcripts of two discovery hearings held in March 2016. These costs, which are reasonable and unopposed, are granted and will be added to the attorneys' fees award. See Maldonado, 256 F.3d at 188 (awarding requested costs in full where opposing party did not object).

### III. Conclusion

For the reasons above, the Court grants in part Plaintiff's motion for attorneys' fees and costs. Plaintiff is awarded attorneys' fees plus costs totaling $19,894.50. An appropriate order follows.